# UNITED STATES DISTRICT COURT
## DISTRICT OFMAINE

Ralph Nunziata,

**COMPLAINT FOR
Declaratory
Judgment**

v.

Janus Funds, Inc. and United States of America,
 through its agency Thrift Savings Plan,

Declaratory Judgment Defendants.     Civil Action No.: _____

 

Plaintiff, Ralph Nunziata ("Nunziata"" or "Plaintiff"), for his Complaint

for Declaratory Judgment defendant, Janus Funds, Inc. ("Janus" or

"Defendant"), and the United States of America through its agency, Thrift

Savings Plana (TSP" or Defendant) alleges as follows, upon knowledge with

respect to himself and his own acts, and upon information and belief as to all

other matters:

## <u>THE NATURE OF THE ACTION</u>

1,      By this action, Nunziata seek to eliminate any doubt that he is the

rightful beneficiary pursuant to a certain retirement accounts originally owned in

the name of Robert Nunziata (now deceased)  held and administered by Janus and

TSP respectively ("Retirement Accounts".

2.      Specifically, for his declaratory judgment, Nunziata seeks a

declaration from this Court that he is the rightful owner and beneficiary of the

Retirement Accounts.

3.      Upon information and belief, Nunziata is the rightful beneficiary of the Retirement Accounts because the named beneficiary of the accounts on file with Janus and TSP respectively, was divorced from Robert Nunziata on the date of his death and any claims to Robert Nunziata's retirement funds was waived, disclaimed and voided pursuant to a New York state Divorce Judgment and Agreement and that Plaintiff is the rightful successor beneficiary of the Retirement Accounts as a matter of law.

4.      Upon information and belief, Janus and TSP refuse to release any funds under the Retirement Plans to Plaintiff without a prior Court Order.

5.      The Plaintiff seeks a declaratory judgment on these bases (and the additional bases described herein) so that there will be no controversy clouding his ownership rights as a successor beneficiary of the Retirement Accounts..

## JURISDICTION AND VENUE

6.      This is a declaratory judgment action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as this action concerns citizens of different states. Subject matter jurisdiction is further conferred upon this Court pursuant to 28 U.S.C. § 1367 with respect to the state common law claims that form part of the same case and controversy that is subject to this Court's jurisdiction.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a Maine resident, Defendants do and transact business in this Judicial District; and a substantial portion of the events at issue have arisen and continue to occur in this Judicial District.

**THE PARTIES**

8.     Plainitff,  Ralph Nunziata is an individual residing in the State of Maine.

9.     The Estate of Plaintiff Robert Nunziata is located in the State of New York, which was the state of his domicile at the time of his death.

10.     Plaintiff Janus is a Delaware corporation with a principal place of business in Denver Colorado..

11.     Defendant TSP is an instrumentality of the United States Government.

**GENERAL ALLEGATIONS**

12.     Upon his death, Robert Nunziata was the owner of a retirement account through Janus Funds *****2846 (hereinafter "Janus Account")  Upon information and belief, Robert Nunziata's ex-wife, Dolores Nunziata-Lagamon was listed as the designated beneficiary on the Janus Account.

13.     Upon his death, Robert Nunziata was the owner of a retirement account through TSP ***** (hereinafter "TSP Account")  Upon information and belief, Robert Nunziata's ex-wife, Dolores Nunziata-Lagamon was listed as the designated beneficiary on the TSP Account.

14.     Upon his death, Robert Nunziata had been divorced from Dolores Nunziata-Lagamon for over eleven years.  A true and correct copy of the New York judgment of divorce between Robert Nunziata and Dolores Nunziata-Lagamon ("Divorce Decree") is attached hereto as

Exhibit A.

15.     The stipulation of Property Settlement was incorporated into the Divorce.Decree.  Paragraphs 2, 5, 6 and 7 of the incorporated Property Settlement, provides that Dolores Nunziata-Lagamon, released any claim to the retirement plans owned by Robert Nunziata.  .

16.     There was no named successor beneficiary on the Janus Account.

17.      There was no named successor beneficiary on the TSP Account.

18.     Ralph Nunziata is the executor of the Estate of Robert Nunziata, New York Surrogate Court, Case No. 2012-1686/B.  Ralph Nunziata as executor of the Estate of Robert Nunziata, is the rightful successor beneficiary of both the Janus and TSP Accounts.

19. Demand has been made by Ralph Nunziata, as executor of the Estate of Robert Nunziata, that Janus Account and TSP account proceeds be delivered to him in his capacity as executor of Robert Nunziata's estate. The parties have been unable to resolve their dispute.

20. Therefore, there is a current, definite and concrete controversy between the parties having adverse legal interests, wherein the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.

## <u>COUNT I</u>

**Declaratory Judgment — Ownership of the Retirement Accounts**

21. Plaintiff incorporate by reference all allegations in each of the preceding paragraphs as if fully set forth in this paragraph.

22. Plaintiff  contends that by virtue of, his relationship to Robert Nunziata, deceased, under the laws of intestacy,  he as executor of the Estate of Robert Nunziata, is the rightful successor beneficiary of the Retirement accounts..

23. An actual controversy has arisen and exists between the parties regarding the ownership of the Retirement Accounts. The controversy is of sufficient immediacy and reality to  warrant declaratory relief under 28 U.S.C. § 2201.

24. Plaintiff seeks a declaration that he, as executor of the Estate of Robert Nunziata,  is the lawful successor benefciary of the Retirement Accounts.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment as follows:

A.    Declaring that Plaintiff as executor of the Estate of Robert Nunziata, is the rightful successor beneficiary of the Retirement Accounts

B.      Awarding to Plaintiffs their attorney's fees, costs, and such

other and further relief as this Court may deem just and

proper.

Ralph Nunziata, Plaintiff

May 26,  2015                    By _____/ s / Jeffrey P. White_____
                                    Jeffrey P. White, Atty. No. 3804
                                    Jeffrey P. White and Associates, P.C.
                                    243 Mt. Auburn Ave., S. B-1
                                    Auburn, ME 04210
                                    (207)- 689-2111